IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY S. TODORA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-647 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| NESHANNOCK TOWNSHIP SCHOOL ) | |
| DISTRICT, P J COPPLE, MARK HASSON, ) | |
| JAMES MCFARLAND, DAVID ANTUONO, ) | Re: ECF No. 10 |
| RICHARD LOUDON, and CATHY ) | |
| SNYDER, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**KELLY, Chief Magistrate Judge**

Plaintiff Mary S. Todora ("Plaintiff") initiated this civil rights action on May 19, 2016, bringing claims against her employer Neshannock Township School District (the "School District"), and six of the School District's Board of Directors (collectively, "Defendants"), alleging that Defendants discriminated against her because of her age and gender, forced her to resign her position as Superintendent, and failed to pay her appropriately for unused sick leave. ECF No. 1.  Specifically, Plaintiff has brought claims against the School District pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* (Count I); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 20002-5, *et seq.* (Count II); and the Equal Pay Act, 29 U.S.C. §§ 206(d), *et seq*. (Count III).  Plaintiff has also brought a claim against all Defendants pursuant to the Pennsylvania Human Rights Act ("PHRA"), 43 Pa. C.S. §§ 955(a), *et seq*. (Count IV).

Presently before the Court is Defendants' Partial Motion to Dismiss, ECF No. 10, in which Defendants ask the Court to Dismiss Count IV of the Complaint and dismiss the individual Defendants as parties to this action. For the reasons that follow, the Motion will be granted.

I.   STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See CA Pub. Empl. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts

suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

**II.    DISCUSSION**

In the Partial Motion to Dismiss, Defendants argue that Plaintiff's claims brought pursuant to the PHRA at Count IV of the Complaint should be dismissed because Plaintiff failed to file a timely administrative complaint with the Pennsylvania Human Rights Commission ("PHRC") and thus failed to exhaust her administrative remedies.

"To bring suit under the PHRA, an administrative complaint must first be filed with the PHRC within 180 days of the alleged act of discrimination." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164 (3d Cir. 2013), *citing* 43 Pa. Stat. § 959(h). "If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA." Yeager v. UPMC Horizon, 698 F. Supp. 2d 523, 535 (W.D. Pa. 2010), *citing* Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997). "The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that 'persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act.'" Woodson v. Scott Paper Co., 109 F.3d at 925, *quoting* Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992).

Here, it is undisputed that Plaintiff resigned and/or was constructively discharged on December 5, 2013. ECF No. 1 ¶ 29. Plaintiff therefore was required to file a charge of discrimination with the PHRC by June 3, 2014. Plaintiff, however, did not file a charge of discrimination with the PHRC until August 26, 2014, which, as Plaintiff concedes, was more

3

than 180 days after she was constructively discharged. Thus, Plaintiff's charge of discrimination was untimely thereby precluding Plaintiff from bringing her claims under the PHRA.

Plaintiff nevertheless argues that the letter she sent to the EEOC on May 28, 2014 ("the Letter"), constitutes a valid charge of discrimination and because it was submitted within 180 days of being constructively discharged, her charge of discrimination filed with the PHRC was rendered timely under the work-share agreement between the EEOC and the PHRC.[1] Alternatively, Plaintiff argues that the statute of limitations for filing a charge of discrimination with the PHRC should be equitably tolled.

The PHRC and the EEOC have entered into a work-share agreement whereby each agency waives the right to initially review claims that are first filed with the other agency. Colbert v. Mercy Behavioral Health, 845 F. Supp. 2d 633, 638 n.3 (W.D. Pa. 2012). In essence, the PHRC and EEOC designate the other as its agent for the purpose of receiving and drafting charges and complaints. Evans v. Gordon Food Services, No. 14-1242, 2015 WL 4566817, at *3 (M.D. Pa. July 29, 2015). Importantly, however,

> a claimant may not rely on the work-share agreement to satisfy all of the requirements of the PHRA to be entitled to the available relief under the PHRA. *Woodson,* 109 F.3d at 927 (*citing Fye v. Central Transp. Inc.,* 487 Pa. 137, 409 A.2d 2 (1979) ("EEOC procedures are not a sufficient surrogate for PHRC remedies")). Consequently, a claimant cannot rely on the work-share agreement alone to show that the PHRC received his or her claim, but rather, must show that the PHRC actually received the complaint. *Id.; Lantz [v. Hosp. of Univ. of Pa.,...].*1996 WL 442795, at *3 [ E.D. Pa. July 30, 1996)] (*citing Parsons v. Phil. Coordinating Office of Drug & Alcohol Abuse Programs,* 833 F. Supp. 1108, 1114 (E.D. Pa. 1993)). Under Pennsylvania law, a complaint is deemed filed with the PHRC on the date it

---
[1] Although Defendants dispute that the Letter that Plaintiff sent to the EEOC on May 28, 2014, contains sufficient information to constitute a valid charge of discrimination, the Court need not address the issue because, as discussed below, even assuming that the Letter served as a valid charge for EEOC purposes, the Court finds that it otherwise failed to preserve her PHRA claims.

> is received by the PHRC, regardless of whether the complaint was forwarded to the PHRC by the EEOC or filed by the claimant directly with the PHRC. 16 Pa.Code § 42.14(c); *Cunningham v. Freedom Ford Sales, Inc.,* No. 03:2006–cv–205, 2007 WL 2404739, *4 (W.D. Pa. Aug. 17, 2007) (Gibson, J.) (citing *Barb v. Miles, Inc.,* 861 F. Supp. 356, 361 (W.D. Pa. 1994); 16 Pa.Code § 42.14(c)).

Colbert v. Mercy Behavioral Health, 845 F. Supp. 2d at 638–39. See Booker v. Nat'l R.R. Passenger Corp., 880 F. Supp. 2d 575, 585–86 (E.D. Pa. 2012), *quoting* Kellam v. Independence Charter Sch., 735 F. Supp. 2d 248, 255 (E.D. Pa. 2010) ("[e]ven after filing a charge with the EEOC, a plaintiff must take 'separate action' to have his charge filed with the PHRC"). A claimant, however, will generally satisfy the requirements of both agencies where he or she files a charge of discrimination with one agency *and instructs that agency to dual file with the other*. Evans v. Gordon Food Services, 2015 WL 4566817, at *3 (emphasis added).

Indeed, in Yeager v. UPMC Horizon, 698 F. Supp. 2d 523 (W.D. Pa. 2010), this Court observed that the work-share agreement between the EEOC and the PHRC provides that only charges received by the EEOC "on behalf of the PHRA" will serve to automatically initiate proceedings with both agencies. Id. at 538-39. Because the plaintiff in Yeager failed to indicate in the charge timely filed with the EEOC that she was also electing to file with the PHRC, the Court concluded that there was no evidence of record that the EEOC received a charge *on behalf of the PHRC* before the 180 day deadline and that Plaintiff's PHRC charge therefore was untimely. Id. at 539. See Mandel v. M & Q Packaging Corp., 706 F.3d at 165 (finding that the District Court correctly concluded that merely filling out an EEOC charge information questionnaire is not in itself sufficient to comply with the PHRA, noting that the questionnaire did not contain any indication of dual filing); Hatten v. Bay Valley Foods, LLC, No. 11-1122,

2012 WL 1328287, at *3 (W.D. Pa. Apr. 17, 2012) (" a claimant cannot rely on the work-share agreement alone to show that the PHRC received his or her claim, but rather, must show a request to dual file with the PHRC within the 180 day mandatory filing period").

In the instant case, in order for Plaintiff's PHRA claim to be timely, she would have to show that the EEOC charge indicated an intent to dual file with the PHRC by June 3, 2014. Plaintiff, however, made no such indication in the Letter dated May 28, 2014, and did not otherwise evidence an intent to dual file or pursue her PCRA claims until she filed the formal charge of discrimination with both agencies on August 26, 2014.  See Evans v. Gordon Food Servs., 2015 WL 4566817, at *6, *quoting* Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh, No. 09-1548, 2010 WL 4668469, at *5 (W.D. Pa. Nov. 9, 2010) ("[c]ourts in this Circuit interpreting the worksharing arrangement have held that where a plaintiff timely files a complaint with one agency, either the EEOC or the PHRC, *coupled with a request for dual filing,* then the complaint is deemed filed with both agencies as of that date") (emphasis added).

Further, it is not insignificant that Plaintiff has acknowledged that she was aware in early May of 2014 -- before the 180 day limitations period had run -- that she was required to file a charge of discrimination with the PHRC and the EEOC within 180 days from the date of her resignation.  ECF No. 15 ¶ 4.  Yet, Plaintiff contacted only the EEOC within the 180 days and gave no indication that she wanted to pursue claims with the PHRC.  Because Plaintiff's complaint was not received by the PHRC, and the PHRC was not otherwise aware of Plaintiff's claim until August 26, 2014, which was well after 180 days from the date of Plaintiff's resignation, it is untimely.  Cf. Evans v. Gordon Food Services, 2015 WL 4566817, at *3 ("[a]s Plaintiff concedes that she failed to directly file a charge of discrimination with the EEOC,

Plaintiff can only proceed to federal court if she files a charge of discrimination with the PHRC, instructs the PHRC to dual file with the EEOC, and receives an EEOC right-to-sue notice").

Contrary to Plaintiff's argument in opposing the Partial Motion to Dismiss, the doctrine of equitable tolling does not resurrect Plaintiff's PHRA claims.

The Pennsylvania Code provides that "the computation of the 180 days does not include a period of time which is excludable as a result of waiver, estoppel or equitable tolling." 16 Pa. Code § 42.14(a). See Colbert v. Mercy Behavioral Health, 845 F. Supp. 2d at 639. Equitable tolling has been found appropriate in three limited circumstances: (1) where the plaintiff actively pursues his or her judicial remedies during the statutory period but files a defective pleading, such as filing in the wrong forum; (2) where the deadline for filing has passed due to the plaintiff's reliance on his adversary's misconduct or misrepresentation; or (3) where the plaintiff was prevented from asserting his or her rights in some extraordinary way. Id. "A plaintiff must ultimately demonstrate, however, that she exercised due diligence in defending her legal rights to preserve her claim under the equitable tolling doctrine." Evans v. Gordon Food Servs., 2015 WL 4566817, at *5. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1999).

Here, contrary to Plaintiff's assertion, there is no indication in the record, including Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss, that the first circumstance applies or that Plaintiff actively pursued her claim under the PHRA during the statutory period but filed a defective pleading. ECF No. 14. While Plaintiff arguably pursued her EEOC claim within the relevant period when she submitted the Letter to the EEOC, she failed to indicate that she wanted to dual file with the PHRC and did not otherwise demonstrate an intent to pursue claims under the PHRA until she filed a formal charge of discrimination with

both agencies on August 26, 2014. Moreover, her failure to indicate in the Letter submitted to the EEOC that she wanted to dual file does not render the Letter "defective" or amenable to amendment on that basis.

Indeed, Davis v. Jefferson Regional Medical Center, No. 06-1094, 2007 WL 2752137 (W.D. Pa. Sept. 19. 2007), upon which Plaintiff relies for the proposition that the formal charge of discrimination she filed with the PHRC should be considered an amendment to the Letter, is easily distinguishable. First, equitable tolling was not at issue in Davis. Second, the plaintiff's counsel submitted a letter to the EEOC within the 180-day period requesting that the attached EEOC intake questionnaire be dual filed with the PHRC. Third, the Court found that there was some evidence to suggest that the intake questionnaire was forwarded to the PHRC within the 180 day period. Fourth, the issue before the Court was whether the submissions, even assuming they were timely submitted to the PHRC, could invoke the jurisdiction of the PHRC where they were unverified. Relying on 16 Pa. Code § 42.14(d), which provides that complaints that are not verified or that do not otherwise fully conform with a requirement of a complaint before the Commission may be remedied by amendment within a reasonable time, the Court considered the plaintiff's formal charge filed with the PHRC outside the 180 day period as an amendment to the EEOC intake questionnaire.

In this case, however, Plaintiff did not ask that the Letter to the EEOC be dual filed with the PHRC and there is no question that nothing was submitted to the PHRC until well after the 180 day period. Moreover, the "defect" at issue here is not that a timely filed PHRC charge was unverified or did not otherwise conform with the requirements of a complaint and thus is not amenable to amendment under 16 Pa. Code § 42.14(d). See Kellam v. Independence Charter

8

Sch., 735 F. Supp. 2d at 255 (finding that the failure to indicate in the EEOC charge questionnaire that he wanted to pursue claims under the PHRA did not invoke the defective pleading circumstance for purposes of equitable tolling).

The second basis for equitable tolling does not appear to be at issue as Plaintiff does not suggest that Defendants' misconduct or misrepresentation contributed to or caused her failure to dual file her PHRA claims during the statutory period.

With respect to the third basis for equitable tolling, there is nothing in the record to suggest that Plaintiff was prevented from exercising her right in an extraordinary way. Although Plaintiff argues that the EEOC somehow caused the delay in filing a charge with the PHRC because the EEOC did not provided her with a formal charge of discrimination until after the 180 day period had expired, the EEOC did not prevent Plaintiff from informing the EEOC in the Letter that she also wanted to pursue claims under the PHRA. Rather, the evidence shows that, despite the fact that Plaintiff was aware in May of 2014 that she had to file a charge with the PHRC within 180 days or by June 3, 2014, to preserve her PHRA claims, she gave no indication to any agency or anyone that she wanted to pursue her PHRA claims until August 26, 2014.[2] Notably, Plaintiff does not allege that she believed filing a charge with the EEOC without any

---

[2] In this manner, Kellam v. Independence Charter Sch., 735 F. Supp. 2d 248, upon which Plaintiff relies is distinguishable from the instant case as there is no evidence that the plaintiff in that case was aware that he needed to pursue his claims with the PHRC within 180 days of his termination. In fact, the Court in Kellam specifically found that the plaintiff's conduct evidenced an expectation that filling out the EEOC charge questionnaire was sufficient to receive all relief for the alleged discriminatory actions taken against him. Id. at 253. Moreover, Kellam was decided before Mandel v. M & Q Packaging Corp., 706 F.3d 157, Evans v. Gordon Food Servs., 2015 WL 4566817, Colbert v. Mercy Behavioral Health, 845 F. Supp. 2d 633, Hatten v. Bay Valley Foods, LLC, 2012 WL 1328287, and Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh, 2010 WL 4668469, which all stand for the proposition that merely filing an EEOC intake questionnaire is not sufficient to comply with the PHRA and that a claimant must show that a request to dual file with the PHRC was made within the 180 day filing period. Under these cases, which this Court finds persuasive, a claimant is not required to file a separate charge or intake questionnaire with the PHRC, which was the concern in Kellam, but need only indicate to the EEOC an intent to dual

indication that she wanted to pursue her claims with the PHRC was sufficient to preserve her PHRA claims. Thus, Plaintiff's argument that she was waiting for further instruction from the EEOC on how to proceed rings hollow and does not provide the basis for tolling the time within which she had to file her PHRA claims. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1392 (3d Cir. 1994) (equitable tolling is designed to prevent a party from benefitting from his or her own wrongdoing). Accordingly, equitable tolling does not apply in this case and Plaintiff's PHRA claims brought at Count IV of the Complaint are barred by the 180-day statutory period under 16 Pa. Code § 42.14(a).[3]

---

file when submitting the intake questionnaire, which Plaintiff failed to do.

[3] Having found that Plaintiff's PHRA claims are properly dismissed because Plaintiff failed to exhaust her administrative remedies in a timely manner, the Court need not address Defendants' alternative argument that Plaintiff's PHRA claims should be dismissed as to certain individual Defendants by failing to name them in the charge of discrimination filed with the EEOC and the PHRC.

**III.     CONCLUSION**

For the foregoing reasons, Defendants' Partial Motion to Dismiss Count IV of the Complaint is properly granted.  Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 31st day of October, 2016, upon consideration of Defendants' Partial Motion to Dismiss and Brief in Support, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion, the Declaration of Mary S. Todora, and Defendants' Reply Brief in support of their Motion, IT IS HEREBY ORDERED that the Motion is GRANTED and Count IV of the Complaint is dismissed with prejudice.  FURTHER, as the individual Defendants are named only in Count IV, it is also ORDERED that the individual Defendants are dismissed as parties to this action.

                                        BY THE COURT:

                                        /s/ Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record by Notice of Electronic Filing